## Commonwealth v. Bluestone, Appellant.

*Criminal Law—Conspiracy—Prostitution—Wages of prostitution.*

Two men may be convicted of conspiracy to induce a woman to engage in the practice of prostitution for hire, and to share in the wages thereof.

Argued April 11, 1911. Appeal, No. 127, April T., 1911, by defendant, Jesse F. Bluestone, from judgment of C. P. Allegheny Co., Oct. T., 1910, No. 44, on verdict of guilty. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for conspiracy. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which sentence was passed.

*Errors assigned* were various rulings and instructions.

*Edmond Englert,* with him *W. J. Brennen, W. D. Grimes* and *Rody P. Marshall,* for appellant.

*H. H. Howard,* with him *W. A. Blakeley,* district attorney, for appellee.

OPINION BY HENDERSON, J., May 11, 1911:

The indictment contained three counts. The first charged a conspiracy to have Rachel Weiner engage in

the practice of prostitution for hire.   The second count charged a conspiracy to demand, take and receive money from the said Rachel Weiner she being an inmate of a bawdyhouse, and the third averred a conspiracy including the charges contained in the first and second counts. The first four assignments of error comprise exceptions taken to the admission or rejection of evidence, but we are unable to discover in any of them a sufficient cause for reversing the judgment.   The objection in the first assignment was that the question was leading, but this did not necessarily render it incompetent.   The answer called for was yes, or no, but did not implicate the defendant.   The question suggested the subject about which the commonwealth desired information, but the appellant was not prejudiced by the reply of the witness.   The second assignment complains of the refusal of the court to permit the witness to state on cross-examination to whom she told her story after she came back to Pittsburg the last time, but as it does not appear how or why this became material, or that the defendants were thereby precluded from introducing evidence by way of contradiction or otherwise, the exception cannot be sustained.   If it were important to the defense that this line of inquiry be entered into, it was due to the court to be informed of the purpose in order that its relevancy might be made apparent.   The third and fourth assignments relate to the cross-examination of Mosenson, one of the defendants, in regard to a letter exhibited to him but not offered in evidence.   It is sufficient to say on this subject that the examination was not hurtful to Mosenson, much less was it so to the appellant.   It related to the actions of Mosenson after the conspiracy had been formed and carried into execution and was directed against his defense.   It did not result in anything to the detriment of either of the defendants tried.   The remaining assignments relate to the charge of the court.   The fifth challenges the action of the trial judge in submitting to the jury the question of the guilt of the defendants

on all of the counts of the indictment. After a careful examination of this evidence, we cannot say that was erroneous; that the testimony bore directly on the first count is apparent, but it also had relation to the second and third counts, especially in respect to the inferences which might be drawn therefrom relating to those counts. The evidence of Rachel Weiner was to the effect that she was to give money to Mosenson and that she did give money to him; that she also gave money to Sadie Golden whose relations with the appellant were such, according to the testimony of the witness, that the jury might believe that Bluestone was to be a beneficiary out of the contributions of Rachel Weiner, through Sadie Golden, but it is not important that the commonwealth prove that money was actually paid. Proof of the overt act is not necessary to sustain the commonwealth's case. The charge is a conspiracy to accomplish the results set forth in the several counts of the indictment and the commonwealth's evidence shows that all of the defendants were in the presence of the chief witness for the prosecution and acted in concert and co-operation in inducing her to engage in a life of prostitution for their profit, or the profit of some of them.

It was in view of this evidence that the court used the language set forth in the sixth assignment of error; but that language must be read in connection with another part of the charge where the court said "so you see it is not necessary to show all the three people actually together at any time and particularly not necessary to prove them there all three together all the time; but if their actions and what they say fit in so together that you reasonably infer and are led to the conclusion that what they were doing was in pursuance of a common purpose then a conspiracy was made out, I mean of course if it is clear to your mind beyond a reasonable doubt." In the light of this instruction it is evident that what the court intended the jury to understand was that if they believed the testimony of Rachel Weiner it was sufficient

to justify them in finding a verdict of guilty and we think that it was thus understood by the jury. The whole charge has this aspect and in view of its fairness and fullness, we cannot conclude that the jury was misled in this instruction. The seventh and eighth assignments do not impress us as having sufficient importance to require the discussion of them. The portions of the charge therein excepted to were not erroneous.

After careful consideration of the case sufficient reasons are not found to justify a reversal of the judgment. The question was one of fact upon which the jury has passed and the assignments must be overruled.

Judgment affirmed, and the record is remitted to the court below to the end that the sentence be carried into effect, and it is ordered that the defendant appear in that court forthwith and that he be committed to serve and comply with such part of the sentence as had not been performed at the time this appeal was made a supersedeas.